UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

NEW YORK STATE ELECTRIC & \*
GAS CORPORATION, \*
           Plaintiff     \*
                              \*
                              \*
      v.                          \*
                              \*
                              \*
FIRST ENERGY CORPORATION, \*
           Defendant     \*

## AFFIDAVIT OF DAVID MAURO

Now comes the undersigned and avers under oath on his personal knowledge that:

1. I am the president of META Environmental, Inc. of Watertown, Massachusetts. While I was away on business a subpoena for documents was served at META on July 26, 2005. I was made aware over the telephone of the subpoena but was unable to attend to it until I went through a stack of documents on my desk on August 2, 2005. I immediately left a phone message for my attorney, Robert Rosenblum, Esq. I was informed that he was on vacation and would be notified.

2. On August 4, 2005 I was put in touch with Attorney E. Steven Coren at Attorney Rosenblum's office who asked that I facsimile the subpoena and related documents to him.

3. I informed Attorney Coren of my concerns about the necessity of employees spending substantial billable hours to locate and review the documents requested, remove non-relevant documents and to assemble and transport the documents. I cannot do this by August 12, 2005 and this will create an undue financial burden. I have already incurred attorney fees and will incur further attorney fees.

4. We have documents for work conducted on several NYSEG sites dating back nearly 15 years. Many are in long term storage and would have to be found, organized, and copied. Others are scattered among various file boxes, drawers, and computer drives. A former principal of the company was project manager for some of the earlier work and we would have to search through her files which are in storage. I am the only person in the company who has been here since the beginning and will have to

1

personally search for documents and help identify which are covered by the subpoena. P. DeClercq and L. Gray in my office are technical staff and project managers for NYSEG projects and need to help me. I will also need lab staff people to find and organize the laboratory documentation. I have estimated that it will take about 40 hours for each of us to complete this task and get the files ready for copying. We have hundreds of emails and files on computer disk relating to NYSEG sites that would have to be printed, reviewed, and copied. We have several thousand pages of reports, notes, laboratory data, and other items that will have to be identified, organized, and copied. Some of the files, particularly the laboratory documentation is in files mixed with other projects from other companies and needs to be sorted out. Some work on NYSEG sites may be covered by the confidentiality clause in our EPRI contract. EPRI has been notified but we do not know how they intend to handle it. Some NYSEG projects are on-going and the documents are still preliminary or draft and have not been seen by NYSEG or State Agencies, etc.

     5.    In have calculated the number of employees needed to respond to this subpoena and the resulting costs as follows:

| Staff Member or Expense | Estimated No. Hours | Rate | Cost |
|---|---|---|---|
| D. Mauro, Principal | 40 | $ 210 | $ 8,400 |
| P. DeClercq, Engineer | 40 | 120 | 4,800 |
| L. Gray, Hydrogeologist | 40 | 80 | 3,200 |
| Staff | 40 | 75 | 3,000 |
| Reproduction | | | 1,000 |
| Shipping or Transportation to Syracuse | | | 2,000 |
| **Total of Estimated Cost** | | | **$ 22,400** |

Signed under the pains and penalties of perjury this 11th day of August, 2005.

David M. Mauro, President
META Environmental, Inc.

2