UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS
--------------------------------------------------------------

NEW YORK STATE ELECTRIC & GAS
CORPORATION,

                                    Plaintiff,

-vs-

FIRST ENERGY CORPORATION,

                                    Defendant.
--------------------------------------------------------------

MBD-05-10295-RGS

AFFIDAVIT IN OPPOSITION
TO EMERGENCY MOTION
FOR RELIEF FROM
DOCUMENT SUBPOENA

STATE OF NEW YORK     )
COUNTY OF ONONDAGA  )ss.:

       PAUL G. FERRARA being duly sworn, deposes and says:

       1.    Your deponent is an attorney licensed in the Commonwealth of Massachusetts and duly admitted to practice before this Court. I am a member in the law firm of Costello, Cooney & Fearon, PLLC, local counsel for the defendant First Energy Corporation ("FirstEnergy"). As such, I am fully familiar with the facts and proceedings heretofore had in this action.

       2.    I submit this Affidavit in connection with the Defendant's Opposition to the Emergency Motion for Relief from Document Subpoena filed in this Court on August 11, 2005.

       3.    Prior to addressing the issues raised in the preceding paragraph, it is necessary to discuss the facts and circumstances surrounding this application.

       4.    On July 26, 2005, FirstEnergy, through Costello, Cooney & Fearon, PLLC, served a subpoena on META Environmental, Inc. ("META"). A copy of the Affidavit of Service is attached hereto and made a part hereof as Exhibit "A."

5. FirstEnergy's subpoena requests documents that are relevant and necessary in the litigation between New York State Electric & Gas Corporation ("NYSEG") and FirstEnergy. (See Petitioner's Exhibit "1").

6. It is respectfully submitted FirstEnergy's subpoena is also narrowly tailored in scope and time. (See Petitioner's Exhibit "1").

7. David Mauro, President of META, was out of town on business on July 26, 2005 when META received service of the subpoena, but Mr. Mauro was informed by telephone of service of the subpoena. (See Petitioner's Exhibit "5", Affidavit of David Mauro at ¶ 1).

8. Despite having been informed of service of the subpoena, Mr. Mauro did not address the subpoena or instruct anyone else at META to address the subpoena for one week. (See Petitioner's Exhibit "5", Mauro Affidavit, at ¶ 1).

9. On August 2, 2005, Mr. Mauro first contacted META's counsel regarding the subpoena. (See Petitioner's Exhibit "5", Mauro Affidavit at ¶ 1).

10. It was not until two days (2) after META contacted counsel that META's counsel contacted FirstEnergy regarding the subpoena. (See Petitioner's Exhibit "5", Affidavit of Steven Coren at ¶ 2).

11. On August 5, 2005, when META first attempted to contact deponent, as counsel for FirstEnergy, your deponent was out of the office presenting a seminar.

12. On August 5, 2005, META's counsel did speak with deponent's paralegal regarding an extension for responding to the subpoena. (See Affidavit of Cheryl Martel, attached hereto and made a part hereof as Exhibit "B").

13. Your deponent's paralegal informed META's counsel that extensions were often granted to other entities that had been subpoenaed in this matter. (See defendant's Exhibit "B").

14. On August 8, 2005, META sent a letter pursuant to Federal Rule of Civil Procedure 45 timely setting forth its objections to the subpoena. (See Petitioner's Exhibit "4", Objection from Steven Coren).

15. Notwithstanding META's timely objection to the subpoena, META appeared before this Court on August 11, 2005 and presented META's Emergency Motion for Relief from Document Subpoena.

16. Subsequent to the filing of META's Emergency Motion for Relief from Document Subpoena, counsel for META and FirstEnergy engaged in discussions regarding the subpoena in an attempt to resolve many of the issues raised in META's Motion. FirstEnergy presented META with a proposal to limit the subpoena to six sites on the condition that META enter into a stipulation not to destroy documents related to the remaining eighteen sites. (See Exhibit "C"). The authenticity of Exhibit "C" is ascribed to in the Affidavit of Heather Z. Steele which is attached hereto as Exhibit "D".

17. To date FirstEnergy has not received a response from META regarding the requested stipulation.

18. In light of the foregoing, your deponent truly believes that FirstEnergy's subpoena was not unduly burdensome, that FirstEnergy is not responsible to reimburse META for costs incurred in responding to the subpoena and that attorneys' fees are inappropriate in this case.

WHEREFORE, your deponent respectfully requests that META's Emergency Motion for Relief from Document Subpoena be denied; that META's request for reimbursement of costs associated with responding to the subpoena be denied; and that META's request for attorneys' fees associated with bringing its Emergency Motion be denied.

                        s/ Paul G. Ferrara
                        PAUL G. FERRARA
                        BBO #551313

Subscribed and sworn to before me

this 24th day of August, 2005.

s/ Christine C. Greeley
Notary Public

08/25/2005 09:30 IFAX mdf@ccf-law.com → Chris Clemons ☒002/002

08/18/2005 09:32 FAX 3154257119    COSTELLO COONEY FEARON    ☒002/002

**Peter Jay Associates, Inc.**
P.O. Box 11172 Franklin Square Station Syracuse, New York 13218 (315) 453-3011
A Nationwide Process Serving Agency established in 1964
Michael L. Brickman, President

~~State of New York~~ United States District Court CCF 7/20    ~~County of Onondaga~~ Northern District of
~~Supreme County Court~~    ~~City Court of Syracuse~~, New York

INDEX # 5:03 cv-438

NEW YORK STATE ELECTRIC & GAS CORPORATION    DATE OF FILING _____
PLAINTIFF/PETITIONER

VS    ☐ DOCUMENTS WERE ENDORSED WITH THE INDEX NO. AND DATE OF FILING

FIRST ENERGY CORPORATION
DEFENDANT/RESPONDENT

STATE OF ~~NEW YORK~~ Mass.
SS:
COUNTY OF Middlesex

Paul Nardizzi _____, being duly sworn, deposes and says, that he served the annexed SUBPOENA _____ in the above entitled action or proceeding upon METCA ENVIRONMENT, INC the person named therein as defendant/respondent, at 49 Clarendon St. Watertown, MA, N.Y., on 7/26/05, 20__, at A.M. 1254 P.M. TIME OF SERVICE

☒ Advanced $ 40.00 in witness fees.

1. **PERSONAL** By personally delivering to and leaving with said _____ a true copy thereof, and that he knew the person so served to be the person mentioned and described in said _____

2. **XX CORP.** By delivering to and leaving with Anna Clark at 49 Clarendon St. Watertown, MA, N.Y., and that he knew the person so served to be the Accountant of the corporation.

3. **RESP. PERSON** Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person: By delivering a true copy thereof to and leaving with, _____ a person of suitable age and discretion at _____, N.Y.; the said premises being the defendant's/respondents (dwelling place) (usual place of abode) (place of business) within the State of New York.

4. **SUB SERVICE** By affixing a true copy thereof to the door of said premises, the same being the defendant's (dwelling place) (usual place of abode) (place of business) within the State of New York.

5. **MAIL** Deponent completed service under the last two sections by depositing a copy of the _____ in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, on _____, 20 _____.

6. **PREV. ATTEMPTS** Deponent had previously attempted to serve the above named defendant/respondent on following dates and times on: _____ Date _____ Time _____ A.M. P.M.
and times on: _____ Date _____ Time _____ A.M. P.M.
and times on: _____ Date _____ Time _____ A.M. P.M.

**DESCRIPTION:** (USE WITH 1, 2 or 3)
A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS FOLLOWS:
Approximate age 50    Approximate weight 110    Approximate height 5'5"    Sex F
Color of Skin W    Color of hair Gray    Other _____

Deponent asked the person spoken to whether the defendant was presently in the military service of the United States Government or on active duty in the military service in the State of New York and was informed he was not. Your deponent further says that he knew the person so served to be the person mentioned and described in said legal papers as defendant/respondent therein. Your deponent is over the age of 18 years and is not a party to this action.

Sworn to before me this
26th day of July 20 05

_Eleanor Nardizzi_
NOTARY PUBLIC, COUNTY OF Middlesex
NOTARY PUBLIC REGISTRATION # _____
[Notary seal: Eleanor Nardizzi, Notary Public, Commonwealth of Massachusetts, My Comm. Expires 12/29/11]

_Paul Nardizzi_
Signature of Process Server

NAPPS
Member National Association of Professional Process Servers

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW YORK STATE ELECTRIC & GAS CORPORATION,<br>　　　　　　　　　　　　　　Plaintiff, | Civil Action No. :<br>05-10295-RGS |
| -vs- | AFFIDAVIT |
| FIRST ENERGY CORPORATION,<br>　　　　　　　　　　　　　　Defendant. | |

STATE OF NEW YORK　　　　）
COUNTY OF ONONDAGA　　　)ss.:

CHERYL A. MARTEL being duly sworn, deposes and says:

1. I am a paralegal in the law firm of Costello, Cooney & Fearon, PLLC, local counsel for the defendant First Energy Corporation.

2. I submit this affidavit in connection with the Defendant's Response to the Emergency Motion for Relief from Document Subpoena filed in this Court on August 11, 2005.

3. I spoke with Steven Coren, counsel for META Environmental on August 5, 2005 when he contacted our office for the first time. Mr. Coren indicated that he was concerned about the time-frame within which to respond to the subpoena and produce the requested documents. At that time, I indicated to him that it was in the usual course of business to extend the time period to respond and that it had been done in the past to other entities that had been subpoenaed.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　CHERYL A. MARTEL

Subscribed and sworn to before me
this 24th day of August, 2005.

_____
Notary Public

LEANNE J. STRADLING
Notary Public, State of New York
Qualified in Onondaga County
No. 01ST6107509
Commission Expires April 5, 2008



Jane Kozinski
Phone: (609) 452-3108
Fax: (609) 452-3128
jkozinski@saul.com
www.saul.com

August 18, 2005

By fax 617-244-6511 and U.S. Mail

E. Steven Coren, Esq.
Kerstein, Coren, Lichtenstein & Finkel LLP
60 Walnut St., 4th Floor
Wellesley, MA 02481

  RE: NYSEG v. FirstEnergy
     Document Subpoena on Meta, Inc.

Dear Mr. Coren:

  I am writing on behalf of FirstEnergy Corp. in connection with the document subpoena served on Meta, Inc. and the pending motion. I am hopeful that all of the issues raised by Meta in its recent correspondence can be resolved without further involvement of the court.

  A. Scope of the Subpoena and Logistics for Production

  The scope of documents to be produced can be significantly reduced. Because the Plaintiff's action relates to the 24 sites that are listed in the attachment to the subpoena, documents relating to each of those sites are relevant to this litigation. However, the court has directed that the parties focus the first phase of the litigation on just six (6) of the sites: Elmira, Homer/Cortland, Ithaca Court Street, Owego and Plattsburgh ("Phase I Sites").[1] Accordingly, FirstEnergy would be willing to limit the scope of the subpoena to documents relating to the six Phase I Sites, provided, however, that Meta stipulate that it will not destroy documents relating to the remaining sites until further notice by FirstEnergy or order of the court.

  The proposed reduction in the scope of the production will require less time on Meta's part to locate documents. FirstEnergy will agree to extend the deadline for production to September 30, 2005.

  In terms of the logistics of the document production, FirstEnergy will be willing to review the records at a location in Massachusetts that is convenient for Meta. I anticipate that we would review the documents, identify any documents that we would like copied, and, with

---

[1] For your convenience, a copy of the recent case management order is attached.

Pamela S. Goodwin – New Jersey Managing Partner
BALTIMORE CHESTERBROOK HARRISBURG NEWARK PHILADELPHIA PRINCETON WASHINGTON WILMINGTON
A DELAWARE LIMITED LIABILITY PARTNERSHIP

E. Steven Coren, Esq.
August 18, 2005
Page 2

Meta's permission, send the documents that we would like copied to FirstEnergy's copying vendor, Ikon Office Solutions.

With respect to the work that Meta may have performed for NYSEG in conjunction with EPRI, it seems to make the most sense to first determine if any of this work involved the six Phase I Sites. If not, then there would be no documents to produce at this time and the confidentiality issue would become moot. If it turns out that some of the work does relate to the Phase I Sites, then the existing confidentiality order in this case (also attached) likely could be modified to cover any documents to be produced by Meta.

With respect to costs associated with responding to the subpoena, FirstEnergy has no obligation to pay for attorneys' fees incurred in simply reviewing the production or assisting in the compilation of documents. If the scope of the subpoena is narrowed to the Phase I Sites, then the cost associated with compiling documents should be greatly reduced over the estimate set forth in Mr. Mauro's affidavit. FirstEnergy would be willing to pay reasonable costs incurred by Meta and its employees in responding to the subpoena[2] – kindly provide a revised estimate that reflects a response relating to just the Phase I Sites and no shipping costs (and possibly no copying costs).

Kindly advise if the foregoing proposal is acceptable to Meta.

B.    Meta's Request for Attorneys' Fees Relating to its Emergency Motion

Meta is not entitled to attorneys' fees in connection with its filing of an emergency motion. By its letter dated August 8, 2005, Meta served on FirstEnergy its objections to the subpoena, thereby suspending Meta's obligation to respond until such time that FirstEnergy sought to compel a response by motion. The emergency motion was and is unnecessary. Moreover, despite receiving prompt notification of the subpoena by his office, Mr. Mauro took no action on the subpoena until 8 days after it was served (and counsel for FirstEnergy was not contacted by anyone from Meta until 11 days after the subpoena was served). Meta presents no reasonable excuse for its delay in taking any action on the subpoena. Meta's request for attorneys fees lacks merit. FirstEnergy respectfully requests that Meta withdraw its motion for attorneys fees.

Thank you.

Sincerely,

Jane Kozinski

---

[2] FirstEnergy is under no obligation to reimburse for costs resulting from Meta's disorganized record-keeping.

E. Steven Coren, Esq.
August 18, 2005
Page 3

Attachments

cc   Robert Rosenblum, Esq. (w/attachments)

   (w/o attachments)
   John F. Stoviak, Esq.
   Heather Steele, Esq.
   Paul Ferrara, Esq.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NEW YORK STATE ELECTRIC & GAS
CORPORATION,
          Plaintiff,

FIRSTENERGY CORP.,   Civil Action No.
                                    3:03-CV-0438
          Defendant.

~~PROPOSED~~ CASE MANAGEMENT ORDER

Defendant FirstEnergy Corp. ("FirstEnergy") and Plaintiff New York Electric and Gas Corporation ("NYSEG"), through their respective counsel, respectfully submit this proposed case management order:

    I.     Discovery, motions and an initial trial of all claims and defenses shall focus on the following six (6) sites ("Phase I Sites"):

        a.     Cortland-Homer;

        b.     Elmira Madison Avenue;

        c.     Ithaca Court Street;

        d.     Norwich;

        e.     Owego; and

        f.     Plattsburgh – Saranac Street.

    2.    The parties shall complete all stages of discovery and file all applicable motions with respect to the Phase I Sites pursuant to the following schedule, which amends the dates set forth in the Case Management Order entered November 19, 2004, and as later amended:

- November 18, 2005 – Deadline for Completion of Fact Discovery
- December 23, 2005 – Submission of Plaintiff's Expert Reports
- January 27, 2006 – Submission of Defendant's Expert Reports
- February 17, 2006 – Rebuttal reports
- March 31, 2006 – Completion of Expert Discovery
- May 19, 2006 – Deadline for Submission of Dispositive Motions

Parties will take no more than [~~90 – FirstEnergy / 20 – NYSEG~~] 150 hours of depositions each, including those already taken in the case.

    3.    Trial shall take place as to all claims and defenses related to just the Phase I Sites pursuant to a schedule to be determined by the Court.

    4.    The action will be stayed with respect to each of the sites other than the Phase I Sites (hereinafter "Phase II Sites") until a judgment is entered on the claims and defenses relating to the Phase I Sites.

    5.    The parties reserve any and all arguments as to the preclusive effect, if any, of decisions concerning the Phase I Sites on the Phase II Sites. This Order shall in no way be construed as a waiver of any preclusion issues or arguments.

    6.    The stay of the action on the Phase II sites shall not create any additional statute of limitations questions with respect to the claims brought on those sites. The parties reserve any arguments as to the statute of limitations as they relate to the filing of the complaint on the original action for all twenty-four (24) sites.

AND NOW, this 22nd day of June, 2005, it is so ordered.

                                                                                   /s/ [signature]
                                                                The Honorable Judge Peebles

08/25/2005 09:31 IFAX mdf@ccf-law.com → Chris Clemons ☒002/002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

NEW YORK STATE ELECTRIC & GAS
CORPORATION,

Plaintiff,

Civil Action No. :
05-10295-RGS

-vs-

**AFFIDAVIT**

FIRST ENERGY CORPORATION,

Defendant.

COMMONWEALTH OF PENNSYLVANIA   )
COUNTY OF DAUPHIN              )ss.:

HEATHER Z. STEELE being duly sworn, deposes and says:

1. I am an attorney with the law firm of Saul Ewing LLP, counsel for the defendant First Energy Corporation.

2. I submit this affidavit in connection with the Defendant's Opposition to the Emergency Motion for Relief from Document Subpoena filed in this Court on August 11, 2005.

3. I certify that attached to Defendant's Opposition at Exhibit "D" is a true and correct copy of a letter drafted by Jane Kozinski, Esquire, of Saul Ewing LLP, on August 18, 2005.

_____
Heather Z. Steele

Subscribed and sworn to before me
this 24th day of August, 2005.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kathy L. Stiler, Notary Public
City Of Harrisburg, Dauphin County
My Commission Expires Mar. 23, 2008
Member, Pennsylvania Association Of Notaries